IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01267-REB-MJW

RICKIE ALLEN WILSON,

Plaintiff,

v.

UNITED STATES, et al.,

Defendants.

**ORDER TO SHOW CAUSE
and
ORDER RESETTING TELEPHONE STATUS CONFERENCE**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on July 5, 2007. (Docket No. 9).

During a Scheduling Conference on October 2, 2007, and in the Courtroom Minutes/Minute Order issued that day (Docket No. 41), this court, *inter alia*, set a telephone status conference on December 4, 2007, at 10:30 a.m. Defense counsel was directed to initiate the conference call. Today, just after the time set for the conference, defense counsel called the court and advised that he was unable to reach the plaintiff. The court also unsuccessfully attempted to reach plaintiff in order for plaintiff to participate in the status conference.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**ORDERED** that on **December 19, 2007, at 8:30 a.m.** in Courtroom A-502, Fifth

Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado,

a Telephonic Show Cause Hearing will be held during which the plaintiff shall show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b). It is further

**ORDERED** that the Telephone Status Conference is reset to **December 19, 2007, at 8:30 a.m.** Defense counsel shall initiate the conference call to plaintiff and then to the court at (303) 844-2403 on that date and time.

Dated:  December 4, 2007      s/ Michael J. Watanabe
        Denver, Colorado      Michael J. Watanabe
                              United States Magistrate Judge