IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01267-REB-KMT

RICKIE ALLEN WILSON,

    Plaintiff,

v.

UNITED STATES,
UNITED STATES SECRETARY OF THE TREASURY,
INTERNAL REVENUE SERVICE,
COMMISSIONER OF INTERNAL REVENUE,
GINGER WRAY, Revenue Agent, and
ANNA S. MEDLOCK, IRS Operations Manager,

    Defendants.

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

    This case involves a claim that Defendants failed to process Plaintiff's income tax returns and issue refunds associated with the returns. This matter is before the court on the following motions: 1) Defendant the United States' "Motion to Dismiss" (Doc. No. 32); 2) Defendant the United States' "Motion to Strike Amended Response to Motion to Dismiss" (Doc. No. 60); 3) Plaintiff's "Motion to Strike" (Doc. No. 71); and 4) Plaintiff's "Motion for Summary Judgment" (Doc. No. 72).

**FACTUAL BACKGROUND**

*1.    Facts*

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. Plaintiff has named as Defendants the United States, the United States Secretary of the Treasury, the IRS, the IRS Commissioner, and two IRS employees. (Compl. at 2–3.) Defendant alleges Plaintiff has outstanding income tax liabilities for the years 1997 through 2005. (Mem. in Supp. of Mot. to Dismiss at 3 [hereinafter "Def.'s Br."] [filed September 10, 2007].) Defendant further alleges Plaintiff also has outstanding liabilities for the assessment of frivolous return penalties. (*Id.* at 3–4.) Plaintiff asserts he has filed income tax returns for the years 1997 through 2005, all of which the Internal Revenue Service ("IRS") has failed both to process and issue associated refunds. (Compl. at 2.) Plaintiff further asserts he has made numerous attempts to have IRS employees proceed with processing his returns, but that his attempts have been met with "stall tactics or complete silence on the part of IRS employees." (*Id.*) Plaintiff recites the dates on which he filed the tax returns and the locations at and dates on which the IRS "received" the tax returns. (*Id.* ¶¶ 1–9.) Plaintiff alleges he has been in continuous contact with the IRS over the past several years attempting to have his tax returns processed. (*Id.* ¶ 10.) Plaintiff also attempted to have the IRS process his returns by filing a motion to compel in a bankruptcy action and another proceeding in bankruptcy court. (*Id.* ¶ 11.) Plaintiff states none of his tax returns have been processed. (*Id.* ¶ 12.) Plaintiff asserts his tax returns are not "frivolous" within the meaning of 26 U.S.C. § 6702. (*Id.* ¶ 13.) Plaintiff requests that the Court order the defendants to properly process his tax returns, to

2

remove all "frivolous filing" penalties imposed by the IRS, and other equitable relief as deemed appropriate. (*Id.* at 6.) Plaintiff states he is not seeking monetary damages, injunctive relief, or declaratory relief, but only seeks an order for the defendants to comply with 26 U.S.C. §§ 6402, 6325(a), and 6343. (Plaintiff's Resp. to Mot. to Dismiss Compl. at 4 [hereinafter "Resp."].)

The United States has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1). (Def.'s Br.) The United States asserts that (1) the United States is the only proper defendant in this case, and the claims against the other defendants should be dismissed; (2) Plaintiff has not alleged any basis upon which the United States has waived its sovereign immunity such that this court would have subject matter jurisdiction; (3) Plaintiff's request for an order requiring that IRS process income tax returns and remove frivolous return penalties violates the Anti-Injunction Act; (4) Plaintiff's request for an order requiring that IRS process income tax returns and remove frivolous return penalties violates the Declaratory Judgment Act; and (5) this court is without subject matter jurisdiction to hear a challenge to the merits of tax assessments made by the IRS. (Def.'s Br. at 2–11.)

## 2. *Procedural History*

Plaintiff filed his Complaint on June 20, 2007. (Compl.) Defendant filed a motion to dismiss on September 10, 2007. (Def.'s Br.). Magistrate Judge Michael J. Watanabe issued a minute order directing Plaintiff to file his response to the motion to dismiss on or before October 1, 2007. (Doc. No. 36.) Plaintiff filed his response to the motion to dismiss on September 24, 2007. (Resp.) Defendant filed its reply on October 9, 2007. (Reply in Supp. of United States' Mot. to Dismiss [hereinafter "Reply"].)

3

Without seeking leave of the court, Plaintiff filed an amended response on October 26, 2007. (Plaintiff's Am. Resp. to Mot. to Dismiss Compl. [hereinafter "Am. Resp."].) Defendant then filed a motion to strike the amended response on November 15, 2007. (Mot. to Strike Pl.'s Am. Resp. to Mot. to Dismiss Compl. [hereafter "Def.'s Mot. to Strike"].) Plaintiff filed his response on November 21, 2007. (Resp. to Mot. to Strike [hereinafter "Resp. to Def.'s Mot to Strike"].) Defendant replied in support of the motion on December 5, 2007. (Reply in Supp. of Mot. to Strike Pl.'s Am. Resp. to Mot. to Dismiss Compl. [hereafter "Def.'s Reply in Supp. of Mot. to Strike"].) Plaintiff then filed his own motion to strike Defendant's reply on December 12, 2007. (Mot. to Strike [hereinafter "Pl.'s Mot to Strike"].) Defendant filed its response on January 2, 2008. (Resp. to Pl.'s Mot to Strike.)

Plaintiff also filed a motion for summary judgment on December 12, 2007. (Mot. for Summ. J.) Defendant filed its response on January 2, 2008. (Resp. to Pl.'s for Summ. J. [hereinafter "Resp. to Summ. J.".) No reply was filed.

All of these motions are fully briefed and ripe for review.

## STANDARD OF REVIEW

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are

4

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 1. *Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting

jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

## ANALYSIS

*1.    Defendant's Motion to Strike Plaintiff's Amended Response*

Defendant moves to dismiss Plaintiff's amended response to the motion to dismiss the complaint. (Def.'s Mot. to Strike.) The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f) (2008). In addition, under local rule 7.1C, parties are permitted to file a motion, a response, and a reply. D.C. COLO.LCivR 7.1C.

It is noted that Plaintiff's amended response was filed on November 11, 2007, nearly seven weeks after the filing of his initial response to the motion to dismiss. (Resp.; Am. Resp.) The amended response is in effect a surreply. Surreplies are typically not allowed without leave of the court which, in this case, Plaintiff did not seek. Plaintiff's amended response includes an additional paragraph, including case citations, not included in his original response. (Am. Resp. at 8.) The court finds the amended response is redundant and immaterial. The court would reach the same result on Defendant's motion to dismiss regardless of its consideration of the arguments in Plaintiff's amended response/surreply. Therefore, the motion to strike the amended response is granted.

*2.    Plaintiff's Motion to Strike Reply in Support of Motion to Dismiss*

Plaintiff moves to strike Defendant's reply in support of their motion to strike Plaintiff's amended response because the reply was served by electronic means and no other. (Pl.'s Mot to

6

Strike.) Defendant asserts, however, that a "physical copy" was sent to Plaintiff by United States mail on December 14, 2007. (Resp. to Pl.'s Mot to Strike.) The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f) (2008). Rule 12(f) does not contemplate striking a pleading for non-consensual electronic service. Plaintiff was not prejudiced by the delay in receiving the reply in support of Defendant's motion to strike by mail. Accordingly, Plaintiff's motion to strike is denied.

*3.    Motion to Dismiss*

    *a.    The United States Is the Only Proper Defendant*

A suit is considered one against the United States "'if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' . . . or if the effect of the judgment would be to 'restrain the Government from acting, or compel it to act.'" *Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Aviles v. Lutz*, 887 F.2d 1046, 1048 (10th Cir. 1989). The relief Plaintiff seeks would both restrain the IRS from acting and compel it to act. Therefore, the United States is the proper party to this action.

The IRS and the Treasury Department are not an entities against which suit may be brought. *Lopez v. United States*, 129 F. Supp.2d 1284, 1292 (D.N.M. 2000) (citations omitted). As a result, they are not proper parties to this action. *Krouse v. U.S. Gov't Treasury Dep't Internal Revenue Serv.*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (*citing Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable

7

entity.")). *See Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976) (Congress has not authorized suits against the IRS); *Pace v. Platt*, 228 F. Supp.2d 1332, 1335 (N.D. Fla. 2002) (same). In addition, a suit against the Commissioner of the Internal Revenue, Revenue Officer Ginger Wray, and Operations Manager Anna S. Medlock for actions taken in their official capacities is, in effect, a suit against the United States. *See State of Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) ("relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter"). *See also Atkinson v. O'Neill*, 867 F.2d 589, 590 (1989). Therefore, the United States is the only proper party to this action. Accordingly, the court recommends that the United States Secretary of the Treasury; Internal Revenue Service; Commissioner of Internal Revenue; Revenue Office Ginger Wray; and Operations Manager Anna S. Medlock be dismissed from this action and that the caption be amended to reflect their dismissal.

  b.  *Sovereign Immunity*

In his Complaint, Plaintiff cites 5 U.S.C. § § 702–03, 28 U.S.C. § 1340, 1346, 1361, and 1391(e) as conferring jurisdiction for his suit. (Compl. at 2.) However, "[i]t is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d at 590. Waivers of sovereign immunity must be unequivocal and are to be strictly construed. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). When the United States is a defendant in an action by a taxpayer, the taxpayer has the burden of showing an explicit waiver of sovereign immunity as a prerequisite to federal court jurisdiction. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

Sovereign immunity is not waived by general jurisdictional statutes such as 28 U.S.C. § 1340 (jurisdiction over actions arising under the Internal Revenue Code), and 28 U.S.C. § 1361 (action to compel a government officer to perform his duty). *Id.* In addition, 28 U.S.C. §1391(e) pertains to venue but does not provide any waiver of sovereign immunity. One provision of the Administrative Procedure Act cited by Plaintiff — 5 U.S.C. § 703 — does not deal with jurisdiction or waiver of sovereign immunity. *Id.* Nor does 5 U.S.C. § 702 waive sovereign immunity here. *Id.* The Administrative Procedure Act itself is not a grant of jurisdiction for the review of agency actions. *Id.* (*citing Califano v. Sanders*, 430 U.S. 99, 105 (1977). The language of § 702 and the amendments thereto merely suggest that sovereign immunity will not be a defense in an action in which jurisdiction already exists. *Watson v. Blumenthal*, 586 F.2d 925, 932 (2d Cir. 1978). "Section 702 by its very terms disclaims any 'authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.'" 5 U.S.C. § 702(2). Therefore, to the extent Plaintiff is seeking relief under these statutory provisions, this court has no jurisdiction.

However, this court may have jurisdiction under 28 U.S.C. § 1346, which states the district courts shall have original jurisdiction of

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1). Defendant points out that the relief Plaintiff seeks cannot be granted solely based on 28 U.S.C. § 1346, as § 1346(a)(1) must be read in conformity with other

statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. *United States v. Dalm*, 494 U.S. 596, 601 (1990)  However, Defendant fails to specify what other statutory provision may apply, what conditions the plaintiff failed to comply with, or how the plaintiff may or may not have complied with any of the conditions. Therefore, it cannot be said that sovereign immunity has been waived under § 1346, and dismissal under that section is improper.

    *c.*    *Anti-Injunction Act*

Defendant asserts that this suit is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . ."  The purpose of the Anti-Injunction Act is to allow the government to conduct its business expeditiously in the assessment and collection of taxes without judicial intervention and to require that a taxpayer challenging the assessment and collection of taxes against him first file a claim for a refund with the IRS. *Wyoming Trucking Assoc., Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996) (*citing Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).  If the taxpayer does not prevail in the administrative proceeding, he may then file a suit for a refund in federal district court. *See* 26 U.S.C. § 7422; 28 U.S.C. § 1346(a)(1).  The Anti-Injunction Act excepts petitions to the United States Tax Court for a redetermination of a proposed deficiency, 26 U.S.C. §§ 6212(a) and (c), 6213(a), and certain civil suits in the district court, 26 U.S.C. §§ 7426(a) and (b)(1), 6672(b), 6694(c) and 7429(b), under which Plaintiff has not asserted jurisdiction.  Taxpayers may also sue in the

proper district court or the United States Claims Court for a refund of taxes paid. 26 U.S.C. § 7422.

Plaintiff seeks relief in the form of an order requiring that the defendants properly process his tax returns, remove all "frivolous filing" penalties imposed by the IRS, and other equitable relief as deemed appropriate. (Compl. at 6.) Plaintiff states he is not seeking monetary damages, injunctive relief, or declaratory relief, but only seeks an order for the defendants to comply with 26 U.S.C. §§ 6402, 6325(a), and 6343. (Resp. at 4.) However, Plaintiff's Complaint is essentially an attempt to prevent the collection or assessment of taxes, as well as an attempt to compel the IRS to remove the frivolous filings — which clearly is a request for injunctive action. Plaintiff's challenge violates the Anti-Injunction Act on its face. Congress has provided express methods, as stated above, by which proposed deficiencies, assessments, or collections of taxes may be challenged. *Lonsdale*, 919 F.2d at 1444. Congress also has provided express prohibition in the Anti-Injunction Act, 26 U.S.C. § 7421(a), against suits brought for the purpose of restraining the assessment or collection of any tax except in the prescribed manner. 919 F.2d at 1442-43. Plaintiff's claims are exactly those which the Anti-Injunction Act prohibits. Therefore, they are properly dismissed.

In addition to certain statutory exceptions, a judicial exception to the Act permits an injunction if the taxpayer demonstrates that: 1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur. *Bob Jones University v. Simon*, 416 U.S. 725, 737 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. at 6–8. To have subject matter jurisdiction to order injunctive relief, the court

11

must find that Plaintiff's claim falls within an exception to the Anti-Injunction Act. *James v. United States*, 970 F.2d 750, 756-57 (10th Cir. 1992). Plaintiff does not allege that his claim falls within the judicial exception to the Anti-Injunction Act found in *Williams Packing*. Nor does Plaintiff satisfy either prong of the *Williams Packing* exception to the Anti-Injunction Act. Plaintiff cannot demonstrate the government could not, under any circumstances, establish its claim to the asserted tax or penalty. Plaintiff, citing a Seventh Circuit case, *Vishnevsky v. United States*, 581 F.2d 1249 (7th Cir. 1978), attempts to demonstrate that his filing of tax returns for the years at issue is equal to filing an "administrative claim for refund." (Resp. at 9.) In *Vishnevsky*, taxpayers filed suit for mandamus relief contending they were entitled to a ruling requiring tax officials to credit them with an admitted overpayment of taxes. The *Vishnevsky* court found that the taxpayers did not need to file a refund claim in preparation for a refund suit because "'(i)t is the rejection (of the administrative claim for refund) which makes the suit necessary.'" *Vishnevsky v. United States*, 581 F.2d 1249, 1255 (7th Cir. 1978) (*citing United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 273 (1931)). The court refuses to recognize Plaintiff's argument. In *Vishnevsky*, the taxpayers were properly seeking mandamus relief to get credit on an overpayment of taxes <u>for tax returns they had filed which had been accepted</u>. In contrast, Plaintiff's tax returns have been rejected and, therefore, cannot be considered the an "administrative claim for refund," as Plaintiff contends. Plaintiff has failed to show that any available remedy would be inadequate to redress his asserted injuries. Accordingly, this court may not exercise its equity jurisdiction over Plaintiff's claim. *See Wyoming Trucking Assn., Inc.*, 82 F.3d at 935 (*citing Bob Jones Univ.*, 416 U.S. at 746); *C.I.R. v. Shapiro*, 424 U.S. 614,

12

629 (1976) (noting that taxpayer seeking injunction must plead and prove facts establishing that his remedy in a refund suit is inadequate to repair any injury that might be caused by an erroneous assessment or collection of taxes).

Thus, Plaintiff fails to show that his case falls within any exception to the Anti-Injunction Act, and, consequently, this case is properly dismissed for lack of subject matter jurisdiction. *See Bob Jones Univ.*, 416 U.S. at 738-39; *Williams Packing*, 370 U.S. at 5; *Overton v. United States*, 925 F.2d 1282, 1284-85.

### *4. Plaintiff's Motion for Summary Judgment*

Plaintiff moves for summary judgment on the basis that Defendant failed to appear at a status conference before Magistrate Judge Michael J. Watanabe on December 4, 2007. (Mot. for Summ. J. ¶¶ 2–8.) Plaintiff essentially is asking for the sanctions of judgment entered in his favor under Fed. R. Civ. P. 37(b)(2)(A)(vi) for Defendant's failure to obey a court order. (*Id.*) Rule 37(b)(2)(A)(vi) allows a court to render default judgment against a disobedient party for failure to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A)(vi) (2008). This is clearly not the case here, where the defendant's only failure was to attend a telephone status conference. In addition, on December 5, 2007, Magistrate Judge Watanabe issued an Order to Show Cause why sanctions should not be imposed under Rule 16(f) for Defendant's failure to appear at the status conference. (Doc. No. 70.) At the show cause hearing held before Magistrate Judge Watanabe on December 19, 2007, Defendant's counsel provided an explanation for his failure to appear at the status conference, and Magistrate Judge Watanabe did

not order sanctions, but instead vacated the order to show cause. (Doc. No. 74.) Accordingly, the motion for summary judgment is properly denied.

WHEREFORE, for the foregoing reasons, it is

ORDERED that Defendant the United States' "Motion to Strike Amended Response to Motion to Dismiss" (Doc. No. 60) is GRANTED; and Plaintiff's "Motion to Strike" (Doc. No. 71) is DENIED. The court further

RECOMMENDS that Defendants the United States Secretary of the Treasury; Internal Revenue Service; Commissioner of Internal Revenue; Revenue Office Ginger Wray; and Operations Manager Anna S. Medlock be dismissed from this action and that the caption be amended to reflect their dismissal. The court further

RECOMMENDS that Defendant the United States' "Motion to Dismiss" (Doc. No. 32) be GRANTED and that this case be dismissed with prejudice. Finally, the court

RECOMMENDS that Plaintiff's "Motion for Summary Judgment"(Doc. No. 72) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579--80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059--60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 3rd day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge